IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NICHOLAS MANSOUR, | ) | CIVIL NO. 24-00518 SASP-WRP |
| | ) | |
| Plaintiff, | ) | |
| | ) | FINDINGS AND |
| vs. | ) | RECOMMENDATION TO DENY |
| | ) | WITHOUT PREJUDICE (1) |
| SIDE STREET INN, | ) | APPLICATION TO PROCEED |
| | ) | WITHOUT PREPAYMENT OF FEES |
| Defendant. | ) | OR COSTS, AND (2) REQUEST FOR |
| | ) | APPOINTMENT OF COUNSEL |
| | ) | UNDER THE CIVIL RIGHTS ACTS |
| | ) | OF 1964; 42 U.S.C. § 2000e-5(f)(1)(B) |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE
(1) APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR
COSTS, AND (2) REQUEST FOR APPOINTMENT OF COUNSEL UNDER
THE CIVIL RIGHTS ACTS OF 1964; 42 U.S.C. § 2000e-5(f)(1)(B)

On December 6, 2024, Plaintiff Nicholas Mansour filed an

Employment Discrimination Complaint against Defendant Side Street Inn, see

ECF No. 1.  Before the Court are Plaintiff's Application to Proceed Without

Prepayment of Fees or Costs (IFP Application), see ECF No. 2, and his Request for

Appointment of Counsel Under The Civil Rights Acts of 1964; 42 U.S.C. § 2000e-

5(f)(1)(B) (Request), see ECF No. 3.  For the reasons stated below, the Court

FINDS and RECOMMENDS that Plaintiff's IFP Application and Request be

DENIED without prejudice.[1]

## I.     IFP Application

       Federal courts may authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay.  See 28 U.S.C. § 1915(a)(1).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)).  Although Section 1915(a) does not require that a litigant demonstrate absolute destitution, see Adkins, 335 U.S. at 339, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty."  Escobedo, 787 F.3d at 1234 (citation omitted).

       "IFP status is a privilege, not a right . . . ."  Ruggles v. Ige, No. 20-CV-00247-DKW-KJM, 2020 WL 8838243, at *2 (D. Haw. June 17, 2020) (citing Rodriguez v. Cook, 169 F.3d 1176, 1179 (9th Cir. 1999)).  It is within the court's discretion to deny an application for *in forma pauperis* status if the applicant is

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

unable or unwilling to verify his poverty.  See United States v. McQuade, 647 F.2d

938, 940 (9th Cir. 1981).

      Here, Plaintiff's IFP Application is not stated with definiteness or

certainty.  See Escobedo, 787 F.3d at 1234.  Plaintiff is the owner of real property

and receives $2,000 per month in rental income, but Plaintiff does not know how

much his real property is worth.  See IFP Application, ECF No. 2 at 1-2 (in

response to question 5 requesting, among other things, information concerning the

value of Plaintiff's real estate, Plaintiff responds: "Property.  Approximate value is

unknown.").  Regarding his monthly expenses, Plaintiff states that he pays $1,700

in rent, $590 in taxes (although later in his IFP Application, Plaintiff states that he

pays a different amount in taxes, see ECF No. 2 at 2), $15,000 in "Maintenance

Fees," $1,000 in credit cards bills, and between $1,600 and $1,800 yearly

(approximately $133 to $150 monthly) in property taxes for a total of $18,540.00[2]

in monthly expenses.  See id.  Yet, Plaintiff apparently does not know how much

money he has in his bank account or otherwise.  See id. (in response to question 4

requesting information regarding how much cash, checking, or savings Plaintiff

has, Plaintiff responds with a question mark).  Plaintiff provides no explanation for

why he does not know how much money he has in his bank account, or how

---

[2] The Court uses the higher of Plaintiff's monthly property tax
payment in its calculation.

Plaintiff pays over $18,000 in monthly expenses but receives only $2,000 in monthly income.  Without a complete and accurate application, including specific dollar amounts for each question requesting such information, the Court cannot properly evaluate whether Plaintiff is capable of paying his court costs.

Based on the above, the Court FINDS and RECOMMENDS that Plaintiff's IFP Application be DENIED without prejudice.

The Court further RECOMMENDS that Plaintiff be permitted to file a new application to proceed *in forma pauperis* wherein he answers fully all of the questions in the application.  If Plaintiff chooses to file another application, Plaintiff must state a dollar amount regarding how much Plaintiff has in cash or in his bank account(s) in response to question 4 or provide a reasonable explanation for why Plaintiff cannot obtain this information.  In response to question 5 regarding the value of Plaintiff's real property, Plaintiff must provide at least an estimated value of the real property.  For example, Plaintiff may obtain the tax-assessed value of his real estate by conducting an online search on the website for the county in which his property is located.  See Laube v. Queen's Med. Ctr., No. 19-CV-00423-DKW-RT, 2019 WL 6619850, at *2 n. 4 (D. Haw. Dec. 5, 2019).  It is within the Court's discretion to make factual inquiries into Plaintiff's answers.  See id. n. 4 (where the IFP applicant states his condominium is worth $50,000 but the Court, through its independent research, discovers that the applicant's real

estate is worth $500,000).  Plaintiff is cautioned that failure to be truthful on his application may result in this Court recommending dismissal of this action.  See id. (citing 28 U.S.C. § 1915(e)(2)(A)) ("A 'court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue.'").

## II.    Request for Appointment of Counsel

Plaintiff requests the appointment of counsel pursuant to 42 U.S.C. Section 2000e–5(f)(1), which states, in pertinent part: "Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant . . . ."  "There is, however, no constitutional right to the appointment of counsel in employment discrimination cases."  Brown v. DCK Worldwide LLC, No. CIV. 14-00559 LEK, 2015 WL 181780, at *2 (D. Haw. Jan. 14, 2015).  In reviewing Plaintiff's Request, this Court "must consider [Plaintiff's] financial resources, his efforts to secure counsel, and the merits of his claims."  Id.

Like his IFP Application, Plaintiff's Request for counsel is similarly unclear and incomplete.  Plaintiff lists his $2,000 rental income but again writes a question mark next to the value of his property.  See Request, ECF No. 3 at 6.  Unlike Plaintiff's IFP Application where he states that he does not know how much money he has in cash or his bank account, the Request states that Plaintiff has between $8.00 to $12.00.  See id. at 7.  The Request also states that Plaintiff

5

has only $1,700 in monthly expenses, whereas the IFP Application states that Plaintiff's monthly expenses exceed $18,000.

Here, the Court declines to analyze Plaintiff's Request further without accurate and consistent information across Plaintiff's IFP Application and Request for counsel. Accordingly, the Court FINDS and RECOMMENDS that Plaintiff's Request for Appointment of Counsel be DENIED without prejudice. Because Plaintiff has not demonstrated that he lacks the financial resources to be appointed counsel, the Court does not address Plaintiff's efforts to secure counsel or the merits of his claims. See Brown, 2015 WL 181780, at *2.

The Court RECOMMENDS that Plaintiff be permitted to file a new Request for Appointment of Counsel Under The Civil Rights Acts of 1964; 42 U.S.C. § 2000e-5(f)(1)(B), but in doing so, Plaintiff must provide complete and accurate information that is consistent with any new IFP application that Plaintiff may file.

CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiff Nicholas Mansour's IFP Application (ECF No. 2) and his Request for Appointment of Counsel (ECF No. 3) be DENIED without prejudice. The Court further RECOMMENDS that Plaintiff be given **21 days** from the date the District Court acts on this Findings and Recommendation to file (1) a new Application to Proceed

6

Without Prepayment of Fees or Costs (AO 240), and (2) a new Request for

Appointment of Counsel Under The Civil Rights Acts of 1964; 42 U.S.C. § 2000e-

5(f)(1)(B) that address the deficiencies identified above.

   The Clerk of Court is DIRECTED to mail Plaintiff the

aforementioned applications.

   IT IS SO ORDERED.

   DATED AT HONOLULU, HAWAII, JANUARY 10, 2025.



Wes Reber Porter
United States Magistrate Judge

**MANSOUR v. SIDE STREET INN.; CIVIL NO. 24-00518 SASP-WRP; FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE (1) APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS, AND (2) REQUEST FOR APPOINTMENT OF COUNSEL UNDER THE CIVIL RIGHTS ACTS OF 1964; 42 U.S.C. § 2000e-5(f)(1)(B)**